UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALEXANDER SIGUENZA TORRES,

                           Plaintiff,

        -against-                              **REPORT &**
                                                  **RECOMMENDATION**
                                                  2:17-CV-05123-SJF-AYS

DJ SOUTHHOLD, INC. ET AL,

                         Defendant.
--------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

        Plaintiff Alexander Torres commenced this collective action on August 30, 2017 against

Defendants DJ Southhold, Inc., Neerja Jain, Sanjay Jain, and Shashank Jareth ("Defendants") to

recover, inter alia, alleged unpaid overtime premium pay pursuant to both the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§

650 *et seq*. On November 14, 2017, Defendants filed an Answer to the Complaint as well as

Counterclaims against Alexander Siguenza Torres.  See Docket Entry ("DE") [13].  On

December 4, 2017 Plaintiff filed its Answer to these Counterclaims.  See DE [14].  On February

26, 2018 Plaintiff filed a letter requesting a pre-motion conference in anticipation of Plaintiff's

motion to amend.  See DE [15]. On April 30, 2018, Plaintiff moved to amend the Complaint, to

add Krishaba Zala and Sneha Vaghela as named plaintiffs, as well as DJ Southampton, Inc., DJ

Hampton Bays, Inc., DJ Riverhead, Inc., and DJ Bridgehampton, Inc. as defendants. See DE 17.

To date, discovery has not commenced in the instant action.

        Presently before this Court is Plaintiff's motion to amend. For the reasons set forth

below, it is respectfully recommended that the motion be granted.

<u>BACKGROUND</u>

I.      <u>The Parties and the Allegations and Causes of Action in the Complaint</u>

Defendant DJ Southhold Inc. ("Corporate Defendant") is an active New York

Corporation doing business as "Dunkin Donuts," with its principal place of business located in

Southold, Suffolk County, New York. <u>See</u> Complaint ("Compl.") ¶ 11, DE [1].  Defendants

Sanjay Jain and Neerja Jain are both owners and operators of the Corporate Defendant.  <u>Id.</u> ¶ 12.

Further, according to the corporate filings with the New York State Department of State Division

of Corporations, Defendant Neerja Jain is listed as Corporate Defendant's Chief Executive

Officer, the contact for the DOS Process and for the principal executive office.  <u>Id.</u> ¶ 14.  The

Complaint alleges that Defendant Shashank Jareth has been an operations manager for Corporate

Defendant as well as other Dunkin' Donuts stores located in Queens and Long Island.  <u>Id.</u> ¶ 13.

Defendants Shashank Jareth, Sanjay Jain and Neerja Jain took part in the day-to-day operations

of the Corporate Defendant and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29

C.F.R. § 791.2, and the NYLL § 2 (as well as the regulations thereunder). <u>Id.</u> ¶ 16.  Defendants

have been, and continue to be, employers engaged in interstate commerce and/or the production

of goods for commerce pursuant to FLSA, 29 U.S.C. §§ 206(a) and 207(a).  <u>Id.</u> ¶ 17.  The

Corporate Defendant has had gross revenue in excess of $500,000.00.  <u>Id.</u> ¶ 19.  Defendants'

corporate headquarters is located at their Dunkin' Donuts location at 440 William Floyd

Parkway, Shirley, New York 11967.  <u>Id.</u> ¶ 25.  There, they handle payroll processing and

operations for both the Corporate Defendant and other Dunkin' Donuts locations.  <u>Id.</u> ¶ 25.

Plaintiff is an adult individual who resides in Suffolk County, New York.  Compl. ¶ 8.

Plaintiff worked for Defendants at their Dunkin' Donuts business located at 3345 Rte. 25 Unit

#1, Southold, New York 11971.  <u>Id.</u> ¶ 9.  At all relevant times, Defendants employed, and/or

continue to employ, Plaintiff within the meaning of FLSA.  Id. ¶ 17.  Additionally, at all relevant

times, Defendants employed Plaintiff within the meaning of NYLL, §§ 2 and 651.  Id. ¶ 18.

Plaintiff alleges to have been employed by Defendants as an associate, assistant manager, and

store manager from approximately October 2013 through approximately the end of June 2017.

Id. ¶ 28.

       The Complaint alleges that during Plaintiff's employment for Defendants, Plaintiff

usually worked seven days per week, from approximately 5:00 am until 4:00 or 4:30 pm, and

sometimes later.  Compl. ¶ 30.  Plaintiff further alleges to have worked approximately seventy to

seventy-five hours per week.  Id.  Plaintiff asserts he was provided with inaccurate pay stubs and

paychecks.  Id. ¶ 31.  Prior to February of 2016, Plaintiff alleges to have never received overtime

premium pay for the hours he worked in excess of forty hours per week.  Id. ¶ 33.  During

Plaintiff's time as a manager for Defendants, Plaintiff contends he was receiving in excess of one

thousand seven hundred dollars ($1,700) per week for his work.  Id. ¶ 40.  During this time,

Plaintiff alleges he was required to sign and submit documentation falsely reflecting his hours

worked.  Id. ¶¶ 42-43.  Moreover, Plaintiff alleges he was asked to sign a false and untruthful

affidavit by Defendants' Operations Director, as well as to assist another Operations Manager in

having former employees sign declarations with "EHP Sheets" on the back that were blank and

undated.  Id. ¶¶ 49-50.  Plaintiff refused to engage in both requests, signed a declaration of his

alleged truths, and was fired on June 23, 2017.  Id. ¶ 53.

       Plaintiff brings his First Cause of Action as a collective action under the FLSA, alleging

that by failing to pay overtime at a rate not less than one and one-half times the regular rate of

pay for work performed in excess of 40 hours per week, Defendants are in violation of the

FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).  Compl. ¶ 56.

All other causes of action are not part of the collective action.  <u>See generally</u> Compl. ¶¶ 59-78.
Plaintiff's Second Cause of Action alleges that Defendants retaliated against him, discriminated
against him, and penalized him in violation of FLSA, 29 U.S.C. § 215(a)(3).  <u>Id.</u> ¶ 63. Plaintiff's
Third Cause of Action alleges that Defendants violated the Plaintiff's and the Opt-in Plaintiffs'
rights pursuant to the NYLL and regulations promulgated under it by failing to pay overtime
compensation at a rate of not less than one and one-half times the regular rate of pay for hours
worked in excess of forty hours per week.  <u>Id.</u> ¶ 67. In his fourth cause of action, Plaintiff asserts
that Defendants' failure to compensate employees in an amount equal to one hour's pay at the
relevant minimum wage in all instances where Plaintiff worked either a split shift or more than
ten hours in a day, violated Plaintiff and the Opt-in Plaintiffs' rights pursuant to the NYLL §§
650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs.
Tit. 12, 137-1.7 (2010), 146-1.6 (2012). <u>Id.</u> ¶ 70.  In the Fifth Cause of Action, Plaintiff asserts
that Defendants have failed to supply Plaintiff and Opt-in Plaintiffs notice as required by NYLL,
Article 6, § 195, and Article 6, § 191.  <u>Id.</u> ¶ 66.[1]  Plaintiff further asserts that Defendants failed to
supply Plaintiff and the Opt-in Plaintiffs with an accurate statement of wages as required by
NYLL, Article 6, § 195.  <u>Id.</u> ¶ 69.  Lastly, in the Seventh Cause of Action, Plaintiff alleges that
Defendants retaliated against Plaintiff upon becoming aware of his action of signing a
declaration, and ultimately terminated his employment.  <u>Id.</u> ¶ 75.  Plaintiff claims his actions
were protected pursuant to NYLL § 215.  <u>Id.</u> ¶ 74.

---

[1] The numbers repeat/restart themselves on page 13 of the Complaint as number "65." This "66" refers to ¶ 66 on page 14 of the complaint. Paragraph numbers referring to information subsequent to the Sixth Cause of Action follow these later/duplicate numbered paragraphs.

II.     The Motion to Amend

Plaintiff seeks to amend the Complaint to include additional plaintiffs and defendants. The proposed Amended Complaint seeks to add Krishnaba Zala, a current store manager at Defendants' Bridgehampton Dunkin' Donuts store and former associate at Defendants' Southampton, Riverhead and Hampton Bays stores, and Sneha Vahela, a former store manager at Defendants' Southampton store, as named plaintiffs. Further, the Amended Complaint seeks to add four corporate entities for the Dunkin' Donuts stores that Zala and Vaghela worked at which are owned and operated by Defendants Sanjay Jain and Neerja Jain and are part of the overall DJ Dunkin' Donuts enterprise, namely: DJ Southampton, Inc., DJ Hampton Bays, Inc., DJ Riverhead, Inc., and DJ Bridgehampton, Inc.  Defendants oppose the motion on the grounds of futility.  Specifically, Defendants argue that: (1) the collective action claims are dismissible under the "first-filed" rule; (2) the FLSA collective unpaid wage claim is dismissible and futile because there is no alleged common policy or practice; and (3) that Pelton Graham LLC's representation of Krishnaba Zala is questionable.  See generally DE [22].

After outlining the standards applicable to the present motion, the Court will turn to the merits of the motion.

DISCUSSION

I.      Legal Standard for Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial.  FED. R. CIV. P. 15. Where, as here, leave of court is required to amend, the court has broad discretion to grant such leave "freely," "when justice so requires." FED. R. CIV. P. 15(a)(2).  Because amendments "tend to facilitate a determination on the merits," they are "generally favored."  Zucker v. Porteck Global Servs., Inc., 2015 WL 6442414, at *4 (E.D.N.Y.

5

2015) (citations omitted).  As stated by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional causes of action.  <u>See</u> <u>Shpak v. Curtis</u>, 2012 WL 511478, at *4 (E.D.N.Y. 2012); <u>see also</u> <u>Hartman v. County of Nassau</u>, 2008 WL 1923127, *18 (E.D.N.Y. 2008).

Despite the liberal construction generally afforded to Rule 15, motions to amend are properly denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party...." <u>Mendez v. U.S. Nonwovens Corp.</u>, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014).  The non-movant bears the burden of demonstrating that the proposed amendment is improper.  <u>Blaskiewicz v. Cnty. of Suffolk</u>, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).  An amendment is properly denied as futile if the proposed new claim "has no merit or fails to demonstrate a cognizable or sufficient claim."  <u>Zucker</u>, 2015 WL 6442414, at *4 (citing <u>Lamothe v. Town of Oyster Bay</u>, 2011 WL 4974804, at *9 (E.D.N.Y. 2011)).  When determining futility, the court reviews the viability of the proposed claim pursuant to the same standard invoked with respect to a Rule 12 motion to dismiss.  <u>Lucente v. Internat'l Bus. Machs., Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002); <u>Morritt v. Stryker Corp.</u>, 973 F. Supp. 2d 177, 183 (E.D.N.Y. 2013); <u>Catholic Diocese of Rockville Centre v. Inc. Vill. of Old Westbury</u>, 2012 WL 1392365, at *5 (E.D.N.Y. 2012).  Under this familiar standard, the claim sought to be asserted must plead facts sufficient to support a plausible claim to relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). As in the Rule 12 context, the Court considering futility construes the facts alleged by the party seeking to amend as true, and views such facts in a light "most favorable" to the moving party.  <u>Aetna Cas. & Sur. Co. v.</u>

Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); see Hartman v. County of Nassau, 2008 WL 1923127, at *18 (E.D.N.Y. 2008) (citation omitted).

II.      Disposition of the Motion

    A.   Plaintiff's Proposed Amendment Is Not Futile.

        An amendment is properly denied as futile if the proposed new claim "has no merit or fails to demonstrate a cognizable or sufficient claim." Zucker, 2015 WL 6442414, at *4 (citing Lamothe v. Town of Oyster Bay, 2011 WL 4974804, at *9 (E.D.N.Y. 2011)).  Plaintiff's amendments are not futile as they would undoubtedly survive a Rule 12(b)(6) motion to dismiss. In accordance with Rule 8(a)(2) of the Fed. R. Civ. P., "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937 (2009).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). A claim has facial plausibility when a plaintiff pleads factual material that allows the court to draw a reasonable inference that a defendant is liable for the alleged misconduct. Id. (citing Twombly at 556).

        Here, the proposed Amended Complaint has facial plausibility. Plaintiff has alleged sufficient facts that, when accepted as true, state a proper and plausible claim for relief. Plaintiff's proposed Amended Complaint is not futile. The two additional plaintiffs in the amended complaint, Krishaba Zala and Sneha Vaghela, are both employees of Defendants' Dunkin' Donuts enterprise who also have valid claims. Specifically, these individuals have claims for failure to provide wage notices and wage statements, failure to provide spread-of-

hours pay, and unpaid overtime under the FLSA and NYLL. Undoubtedly, Plaintiff's amendments have merit, demonstrating sufficient claims.

Defendants' arguments that the proposed amendments are futile in light of a "lack of common policy or practice in violation of FLSA" is unfounded. In a FLSA exemption case, plaintiffs accomplish showing a common policy or practice by presenting that "'there are other employees ... who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008)). Moreover, a plaintiff only needs to present a "modest" factual showing that the plaintiff and other possible collective action members were victim to a common plan or policy that violated the law.'" Jeong Woo Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439 (S.D.N.Y. 2013) (holding that the plaintiff made sufficient showing that he and other kitchen staff members were victims of a common policy or plan).

Here, Plaintiff has presented a modest factual showing that the additional proposed plaintiffs in the Amended Complaint share a common plan or policy in their relations to the Defendants. Plaintiff's allegations present a common policy or practice to the Court: the alleged act of the Defendants failing to pay overtime. Pursuant to Myers, the proposed new plaintiffs in the Amended Complaint are similarly situated to one another, being that they were all employed at one time by the Defendants' Dunkin' Donuts restaurants, and all claim to be financially disadvantaged in their respective roles. See Myers, 624 F.3d at 555. Accordingly, this satisfies the factual showing necessary to constitute a common policy or practice at this juncture.

B.  No Undue Delay, Bad Faith, or Prejudice to the Defendants Exists.

Motions to amend are properly denied not only where futility is found, but also where undue delay, bad faith, or prejudice to the non-moving party is present.  Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014); see Aetna, 404 F.3d at, 604.  Here, Plaintiff has not delayed in any matter to amend the Complaint, and no bad faith is present in any actions thus far. The Complaint was made on August 30, 2017. See DE [1].  Defendants filed an Answer to the Complaint and Counterclaim against Alexander Siguenza Torres on November 14, 2017, and Plaintiff filed its answer to these Counterclaims on December 4, 2017.  See DE [13], [14].  While the motion to amend the Complaint was made on April 30, 2018, on February 26, 2018, Plaintiff filed a letter requesting a pre-motion conference in anticipation of Plaintiff's motion to amend.  See DE [15], [17].  This request further supports an absence of bad faith. Additionally, discovery has yet to commence. Therefore, the amendment will not cause undue delay.

Furthermore, Defendants will not be prejudiced by the amendments to the Complaint. The proposed amendment does not raise any factual matters that are not contained within the original complaint; it merely requests to add two plaintiffs and four defendants to the Complaint. Because discovery has not commenced, Defendants will not bear significant additional discovery expenses nor be burdened in their preparations for trial.

Based on the foregoing, and accepting as true the Plaintiff's factual allegations, the Court finds that the Amended Complaint sets forth a plausible claim.

Accordingly, the Court recommends granting the motion to amend the Complaint to add the aforementioned plaintiffs and defendants.

CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to amend the Complaint to include additional plaintiffs and defendants, appearing as Docket Entry No. 17 herein be granted.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

SO ORDERED

Dated: Central Islip, New York
       July 12, 2018

                                    /s/ Anne Y. Shields
                                    ANNE Y. SHIELDS
                                    United States Magistrate Judge