UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ALEXANDER SIGUENZA TORRES,
SNEHA VAGHELA, and KRISHNABA
ZALA, individually and on behalf of all others
similarly situated,

                                        Plaintiffs,

DJ SOUTHHOLD, INC. d/b/a DUNKIN'
DONUTS, DJ SOUTHAMPTON, INC.
d/b/a DUNKIN' DONUTS, DJ HAMPTON
BAYS INC., DJ RIVERHEAD INC., DJ
BRIDGEHAMPTON, INC., SANJAY JAIN,
NEERJA JAIN, and SHASHANK JARETH,
Jointly and Severally,

                                        Defendants.

_____

Civil Action No. 17-5123


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFANDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**


**SILVERMANACAMPORA LLP**
*Attorneys for Defendants*
Alan B. Pearl
Brian J. Shenker
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300


BSHENKER/2224109.1/067152

**Preliminary Statement**

Defendants DJ Southhold, Inc. d/b/a Dunkin' Donuts, DJ Southampton, Inc. d/b/a Dunkin' Donuts, DJ Hampton Bays Inc. d/b/a Dunkin's Donuts, DJ Riverhead Inc., DJ Bridgehampton, Sanjay Jain, Neerja Jain, and Shashank Jareth (collectively "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiffs' Fair Labor Standard Act ("FLSA") unpaid overtime claim brought on behalf of an FLSA collective class.   As set forth herein, the "first-filed rule" dictates the collective action allegations be dismissed since they are duplicative of claims filed in 2015, and an FLSA collective certified in March 2016, against these very same Defendants.

In March 2016, conditional certification of a collective action was ordered in *Sheraz Khalid, Suresh Patel, and Mohammed Saleh v. DJ Shirley 1 Inc., DJ Holbrook Inc., DJ Southhold, Inc., Sanjay Jain, Neerja Jain, and John Doe Corps. 1-13*, 15-cv-5926 (SJF)(GRB) (the "Khalid Case"), pending before this Court.   The same counsel that represents Plaintiffs in the instant case (the "Torres Case"), represents the plaintiffs in the Khalid Case.   Since Plaintiffs' collective action claim in this action is duplicative and would require relitigation of issues addressed in the previously filed Khalid Case, the Court should dismiss Plaintiffs' collective action claim.

**Procedural Background**

**The Khalid Case**

On October 14, 2015, Sheraz Khalid ("Khalid"), filed a Class and Collective Action Complaint against DJ Shirley 1 Inc. d/b/a Dunkin' Donuts, Sanjay Jain, Neerja Jain, and John Doe Corps. #1-15.   Pelton Graham LLC filed the Complaint on Khalid's

BSHENKER/2224109.1/067152

behalf. On March 11, 2016, Khalid filed an Amended Class and Collective Action Complaint, adding two plaintiffs and adding defendants DJ Holbrook Inc. and DJ Southhold Inc. (See Khalid Amended Complaint as **Exhibit A** to Shenker Declaration). The Khalid Amended Complaint asserts, *inter alia*, wage and hour claims under the FLSA and NYLL for unpaid overtime, unpaid spread of hours premiums under the NYLL, failure to provide NYLL wage notices, and failure to provide accurate NYLL wage statements.

On March 29, 2016, Khalid moved, on consent of the defendants, for conditional certification under the FLSA which was granted on March 29, 2016. The FLSA collective action consisted of:

> All current and former hourly employees who worked for any Dunkin' Donuts or combination Dunkin' Donuts/Baskin Robbins/Nathan's location owned and operated by Sanjay Jain and/or Neerja Jain in Nassau or Suffolk County at any time between October 14, 2012 and [March 29, 2016] who worked more than 40 hours in any given workweek, with the exception of store managers.

(See Stipulation and Order on Consent Motion to Conditionally Certify a Fair Labor Standards Act Collective Action, ¶ 2 attached as **Exhibit B** to Shenker Declaration).

On March 24, 2017, Khalid filed two motions: (1) a motion for class certification of NYLL claims (unpaid overtime, unpaid spread of hours, failure to provide wage notices, and failure to provide accurate wage statements) pursuant to Rule 23, and (2) a motion for partial summary judgment.

On June 26, 2018, the Court ruled on Khalid's two motions (the "June Order"). Khalid's class certification motion was denied except for certification of a spread of hours class. The Court certified the class as follows:

BSHENKER/2224109.1/067152

> All hourly employees who, on any day, worked a shift or split-shift in excess of ten (10) hours at any time from October 14, 2009 through the present, for any Dunkin' Donuts or combination Dunkin' Donuts/Baskin Robbins/Nathan's location owned and/or operated by Sanjay Jain and/or Neerja Jain in New York.

The Court denied Khalid's motion for summary judgment, except it granted partial summary judgment on liability of Khalid's spread of hours claim.

On July 3, 2018, Khalid moved the Court for reconsideration of its denial of class certification of Khalid's wage notice and wage statement claims. All defendants opposed the application. On September 25, 2018, the Court issued the following order (the "September Order"):

> Motion for reconsideration, docket entry [101] in the Khalid matter, is granted. Upon reconsideration, class certification of the wage statement claim is denied on the same basis of the unpaid overtime claim. Class certification of the wage notice claim is granted. Plaintiffs directed to electronically file a revised, proposed order certifying the Rule 23 Class Action . . .

On October 9, 2018, defendants timely filed a Petition seeking Rule 23(f) review by the Second Circuit.

**The Torres Case**

On August 30, 2017, Alexander Siguenza Torres ("Torres"), filed a Collective Action Complaint against DJ Southhold, Inc. d/b/a Dunkin' Donuts, Sanjay Jain, Neerja Jain, and Shashank Jareth. On November 14, 2017, Defendants filed an Answer with Counterclaims. On July 30, 2018, with leave of the Court, Torres filed an Amended Collective Action Complaint (the "Amended Complaint"). (See Torres Amended Complaint attached as **Exhibit C** to Shenker Declaration).

3

The Amended Complaint added Sneha Vaghela and Krishnaba Zala as Plaintiffs. The Amended Complaint added Defendants DJ Southampton, Inc., DJ Hampton Bays Inc., DJ Riverhead Inc., and DJ Bridgehampton, Inc.  The Amended Complaint asserts the following causes of action: (1) FLSA overtime claim on behalf of Plaintiffs and the collective action members, (2) FLSA retaliation claim on behalf of Torres, (3) NYLL overtime claim on behalf of Plaintiffs and opt-in plaintiffs, (4) NYLL spread of hours claim on behalf of Plaintiffs and opt-in plaintiffs, (5) NYLL wage notice claim on behalf of Plaintiffs and opt-in plaintiffs, (6) NYLL wage statement claim on behalf of Plaintiffs and opt-in plaintiffs, and (7) NYLL retaliation claim on behalf of Torres.

The Amended Complaint seeks to certify a collective action on behalf of:

> All persons employed by Defendants at any time since August 30, 2014, and through the entry of judgment in this case who were paid on an hourly basis.

(See Amended Complaint, ¶ 29).


## ARGUMENT


### I.   The Collective Action Claims Are Dismissible Under the First Filed- Rule

The Second Circuit has established that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit" where it is "duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Arguments on this ground may properly be made via a motion to dismiss. *Raniere, et al. v. CitiGroup, Inc., Citibank, N.A., and CitiMortgage, Inc.*, Case No. 11-cv-2448, ECF No. 73 (S.D.N.Y. Nov. 22, 2011); *New Hyde Park Care Center, Inc. v. Cumberland Farms, Inc.*, No. 09-cv-1535, 2011 WL 2462753, at *2 (E.D.N.Y. June 17, 2011).  The

BSHENKER/2224109.1/067152

power to dismiss duplicative suits is meant to foster judicial economy and the "comprehensive disposition of litigation" as well as to protect parties from the vexation of concurrent litigation over the same subject. *Id.* The rule "embodies considerations of judicial administration and conservation of resources." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). "The Second Circuit has emphasized the important of establishing 'a single determination of a controversy between the same litigants.'" *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F.Supp. 2d 235, 247 (E.D.N.Y. 2012).

Thus, "where there are two competing lawsuits, the first suit should have priority." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013); *Schucker v. Flowers Foods, Inc.*, 2017 U.S. Dist. LEXIS 136178 *10-11, 16 Civ. 3439 (KMK) (S.D.N.Y. Aug. 24, 2017) (denying FLSA conditional certification but permitting individual claims pursuant to the first-filed rule, since collective claims were duplicative of another collective action involving the same defendants); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second"). Under this rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *Id.*

In considering whether to dismiss a lawsuit, the court "considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Id.* "The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Id.*; *Wyler-Wittenberg v. MetLife Home Loans, Inc,*

BSHENKER/2224109.1/067152

899 F.Supp. 2d 235 (E.D.N.Y 2012) (applying first-filed rule in an FLSA/NYLL case, finding the rule applicable even where later-filed case had NYLL claims and prior-filed cases did not); *Oleg Cassini Inc. v. Serta Inc.*, 2012 U.S. Dist LEXIS 33875 *3 (S.D.N.Y. 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").

Dismissal in such circumstances is appropriate to "promote docket efficiency and interests of comity, [and] to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo*, 960 F.Supp 2d. at 404 (dismissing collective FLSA claims because "the class description [was] the same, as [were] the potential plaintiffs," and "it would be patently unfair to require [the] defendants to litigate the class issues at the same time as those matters [were] being litigated in the first-filed action"); *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *LaFleur v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 143514 *8 (E.D. Va. Oct. 2, 2012) (dismissing FLSA claims because "to permit FLSA claims to proceed in [the] case would . . . be duplicative and wasteful"); *Ortiz v. Panera Bread Co.*, 2011 U.S. Dist. LEXIS 85463 *2 (E.D. Va. Aug. 2, 2011) (granting motion to dismiss because first to file rule is "particularly appropriate in context of competing FLSA actions" which have potential to undermine the interests of judicial economy by presenting "overlapping classes" and "multiple attempts at certification").

### a. Application to Plaintiffs' Amended Complaint

#### i. The Parties and Claims are Identical

Both the Khalid and Torres actions contain the very same FLSA unpaid overtime allegations. Plaintiffs in both actions, on behalf of the collective classes, claim that

6

during their employment with Defendants they worked over 40 hours in a workweek and, at least for some portion of time, did not receive proper overtime premiums.

Plaintiffs in the instant action assert a collective action claim on behalf of:

All persons employed by Defendants at any time since August 30, 2014, and through the entry of judgment in this case who were paid on an hourly basis.

(See Amended Complaint, ¶ 29). To note, the only claim that Plaintiffs actually brings as a collective claim is the FLSA overtime claim.

Such an FLSA collective definition overlaps with the collective action that was conditionally certified in the Khalid case on March 29, 2016. The Khalid collective action consists of:

All current and former hourly employees who worked for any Dunkin' Donuts or combination Dunkin' Donuts/Baskin Robbins/Nathan's location owned and operated by Sanjay Jain and/or Neerja Jain in Nassau or Suffolk County at any time between October 14, 2012 and [March 29, 2016] who worked more than 40 hours in any given workweek, with the exception of store managers.

(See Stipulation and Order on Consent Motion to Conditionally Certify a Fair Labor Standards Act Collective Action, ¶ 2 attached as **Exhibit B** to Shenker Declaration).

There is no doubt that the Khalid and Torres collective action claims involve the very same parties and overlapping collective classes. Indeed, employees of Defendants' stores already received statutory notice and an opportunity to join the Khalid case in 2016. It would be entirely unjust to require Defendants to relitigate collective action certification. The broad collective class sought by Plaintiffs in this action involves the very same facts and legal issues that have already been litigated in the Khalid Case for 3 years.

7

Significantly, the June 26, 2018 Memorandum and Order in the Khalid case (the "June Order"), further demonstrates how relitigation of collective claims in this case would be duplicative and pointless. The Court's rationale for the denial of Khalid's Rule 23 class supports dismissal of the Amended Complaint. In the June Order the Court denied Rule 23 class certification of Khalid's overtime claim. The Court explicitly found no company-wide policy relating to the unpaid overtime claim:

> The Court finds that Plaintiffs have failed to provide evidence sufficient to support an inference that there was a company-wide policy of improperly deducting meal break time from employees' hours.

(See Memorandum & Order attached as **Exhibit D** to Shenker Declaration, page 15). The Court went on to state:

> Defendants' liability hinges in part upon whether the meal break deductions made were accurate, and this determination can only be made on an individualized basis. Plaintiffs' alternative argument regarding the sufficiency of the store managers' recordkeeping is also susceptible to individual proof as to the conduct of each store manager. These are substantive inquires that must be made as to each employee and his or her store manager.

(Id.)

Accordingly, there is no merit to Plaintiffs' collective action claim. It is the law of this case, based upon Khalid, that the determination of the unpaid overtime claim involves issues of fact that are specific to each store and manager. Since the Court already reached this conclusion in the Khalid case, the parties should not be forced to relitigate the issue just to arrive at the same conclusion. Indeed, that is the purpose behind the first-filed rule, to avoid superfluous litigation and to ensure the consistency of court rulings.

BSHENKER/2224109.1/067152

### ii.     The Progress of the Khalid Case Militates in Favor of Dismissal

The Khalid action was filed on October 14, 2015.  On March 29, 2016, an FLSA collective action was certified.  The collective action consists of all hourly employees who worked over 40 hours in a week, except for managers, at the Jains' stores in Nassau and Suffolk counties.  (See Stipulation and Order attached as **Exhibit B** to Shenker Declaration).  The class and collective claims in the Khalid Case are the same as in the Torres Case.  Employees at each of the stores named in the proposed Amended Complaint are included in the collective action in the Khalid Case. Those employees already received court-authorized notice and had the opportunity to opt-in to Khalid Case.[1]

Discovery in the Khalid Case was completed at the end of June 2017, almost 17 months ago.  The Court in the Khalid Case has already decided the plaintiffs' motion for summary judgment, which was denied except for the spread of hours claim.  The Court has also ruled on the plaintiffs' Rule 23 class certification claim, denying the unpaid overtime and wage statement classes but granted class status to the spread of hours and wage notice claims.[2]  In the instant matter, discovery has not even commenced as of this date.

### iii.    It Would be Unfair and Prejudicial to Require Defendants to Re-Litigate Class Issues

In *Castillo*, the court favored dismissal because the second case would require the defendants to litigate the same class issues as those being litigated in the first-filed action.  *Castillo*, 960 F. Supp. 2d at 405; *Schucker*, 2017 U.S. Dist. LEXIS *13 (denial of

---

[1] Only 17 out of almost 200 individuals opted in to the Khalid Case.
[2] Defendants in the Khalid case have petitioned the Second Circuit for leave to file an appeal of the decision granting the wage notice class, pursuant to Rule 23(f).

BSHENKER/2224109.1/067152

certification of a duplicative collection action avoids undue burdens on the parties and on judicial resources"); *In re Fannie Mae 2008 Sec. Litig.*, Nos. 09-MD-2013, 08-cv-7831, 08-cv-8519, 2009 U.S. Dist LEXIS 109886 *1 (S.D.N.Y. Nov. 24, 2009) ("Allowing [the plaintiff] to proceed with a duplicate class action would lead to redundant discovery and motion practice, undermining the goal of efficiency").

Further, as Judge Wexler stated in *Castillo*, "defendants should not be required to send a second class notice to individuals who have already received such notice but have elected not to participate in [the first-filed action]."  *Castillo*, 960 F. Supp. 2d at 405; *Neff v. Flowers Foods, Inc.*, No. 15-cv-254, 2016 U.S. Dist. LEXIS 183025 *12 (D. Vt. Nov. 8, 2016) (denying conditional certification with respect to Maine employees when the potential Maine opt-in members were "already the subject of an identical action, filed by the same attorneys, seeking overtime for [the same class of employees]" . . . thus finding "there [was] no good reason for sending overlapping notices inviting the same people to join two lawsuits").

There is no reason to require Defendants to defend identical overtime claims as those in the Khalid Case because that they involve the very same overtime claims. Those overtime claims have already been certified as a collective action in the Khalid Case and were denied Rule 23 class status.  Though Torres, Zala, and Vaghela may be permitted to pursue their individual claims, duplication of collective and class efforts, including class certification motions, notice, and class discovery is unwarranted and entirely duplicative of the 3 years of litigation in the Khalid case.  If Plaintiff were permitted to proceed with the collective claim in Amended Complaint then Defendants

BSHENKER/2224109.1/067152

would be prejudiced by having to expend significant resources, including attorneys' fees, to relitigate collective and class issues that were already litigated.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court grant its motion to dismiss the collective action claims in the Amended Complaint, and for such other and further relief as the Court deems just and proper.


Dated: October 12, 2018
       Jericho, New York


                                        **SILVERMANACAMPORA LLP**
                                        *Attorneys for Defendants*


                               By:      ____/s/_____
                                        Alan B. Pearl, Esq.
                                        Brian J. Shenker, Esq.
                                        100 Jericho Quadrangle, Suite 300
                                        Jericho, New York 11753
                                        (516) 479-6300

TO:    Brent Pelton, Esq. (via ECF)
       PELTON GRAHAM LLC
       111 Broadway, Suite 1503
       New York, NY 10006
       *Attorneys for Plaintiffs*

11