F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 30 2019   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDER SIGUENZA TORRES, SNEHA,
VAGHELA, and KRISHNABA ZALA, individually
and on behalf of all others similarly situated,

**MEMORANDUM & ORDER**
17-cv-5123 (SJF) (AYS)

                       Plaintiffs,

   -against-

DJ SOUTHOLD, INC. d/b/a Dunkin' Donuts,
DJ SOUTHAMPTON, INC. d/b/a Dunkin' Donuts,
DJ HAMPTON BAYS INC., DJ RIVERHEAD INC.,
DJ BRIDGEHAMPTON, INC., SANJAY JAIN,
NEERJA JAIN, and SHASHANK JARETH, jointly
and severally,

                       Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Plaintiffs commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and New York Labor Law ("NYLL") seeking to recover for, *inter alia*, wage and hours violations committed by Defendants. Currently before the Court is Defendants' motion to dismiss the amended complaint. Motion, Docket Entry ("DE") [41]. For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

### A. Factual Allegations

      The corporate defendants, DJ Southold Inc, DJ Southampton Inc, DJ Hampton Bays Inc, and DJ Bridgehampton, Inc. (collectively, the "corporate defendants"), are New York corporations doing business as Dunkin' Donuts in each of those geographic locations. Amended Complaint ("AC") ¶¶15-19, DE [30]. Defendants Sanjay Jain and Neerja Jain are the owners and operators of the corporate defendants. *Id.* ¶20. Defendant Shashank Jareth has been an operations manager for the corporate defendants. *Id.* ¶21. The Defendants own fifteen (15) other

corporate entities through which they operate additional Dunkin' Donuts stores. *Id.* ¶35. There are three named Plaintiffs.

Alexander Siguenza Torres ("Siguenza") worked at the Southold store as an associate, assistant manager, and store manager from in or around October 2013 through in or around the end of June 2017. AC ¶37. He alleges that he worked from seventy (70) to seventy-five (75) hours per week, *id.* ¶39, but prior to February 2016, received inaccurate pay stubs and did not receive overtime pay. *Id.* ¶¶41-42. In or around February 2016, he was promoted to store manager and began to receive overtime pay for hours worked in excess of forty per week. *Id.* ¶49. In early 2017, Defendants began paying him a salary, and while he was still required to work seventy or more hours per week, he was required to sign documents and a wage notice reflecting sixty (60) hours per week. He alleges he was never paid a spread of hours premium when he worked more than ten (10) hours per day, *id.* ¶54, and never received a wage notice prior to May 29, 2017. *Id.* ¶55. In June 2017, Siguenza signed a declaration regarding Defendants' payroll practices, which declaration was filed in support of claims made in another wage and hours case involving Dunkin' Donuts employees.[1] *Id.* ¶¶61-62. The day after the declaration was filed, Siguenza was fired. *Id.* ¶63.

Sneha Vaghela ("Vaghela") was employed at the Southampton store as an associate from 2010 through sometime in 2014, and as a store manager from that point through March 2016. AC ¶64. She worked at least eighty-five (85) hours per week, *id.* ¶67, but her paystubs did not accurately reflect the hours worked, nor did she receive overtime wages. *Id.* ¶¶69-70. She did

---

[1] That matter, *Khalid v. DJ Shirley 1 Inc.* ("*Khalid*"), 15-cv-5926, will be discussed in further detail below.

2

not receive spread of hours pay when required, *id.* ¶76, and she never received a wage notice during her employment. *Id.* ¶77.

Krishnaba Zala ("Zala") worked at the Southampton, Riverhead, and Bridgehampton locations as an associate from in or around January 2015 through the summer of 2016, and as a store manager from that time through the present. AC ¶80. As an associate, Zala worked at least eighty-five (85) hours per week, *id.* ¶83, and around sixty hours per week as a store manager. *Id.* ¶84. As an associate, she was paid hourly and her paystubs inaccurately reflected the number of hours worked. *Id.* ¶87. As a manager, she was paid a salary. *Id.* ¶88. She alleges she was not paid overtime or spread of hours pay. *Id.* ¶¶89-90.

The current case was commenced on August 30, 2017, and an amended complaint was filed on July 30, 2018. The first cause of action alleges an FLSA claim for failure to pay overtime and defines the proposed FLSA collective as "[a]ll persons employed by Defendants at any time since August 30, 2014, and through the entry of judgment in this case . . . who were paid on an hourly basis." AC ¶29. The remaining six causes of action are for: unpaid overtime under the NYLL; unpaid spread of hours premiums under NYLL; failure to provide a wage notice under NYLL; failure to provide a wage statement under NYLL; and retaliation on behalf of Siguenza under both the FLSA and NYLL. The amended complaint does not include claims regarding a putative class action under NYLL.

### B. The *Khalid* Action

This is the second case before this Court regarding alleged hour and wage violations at Dunkin' Donuts stores owned and operated by the individual defendants. Plaintiffs in the *Khalid* action also brought claims under both the FLSA and NYLL. On March 29, 2016, the following FLSA collective class was conditionally certified in *Khalid*:

3

> All current and former hourly employees who worked for any Dunkin' Donuts or combination Donuts/Baskin Robbins/Nathan's location owned and/or operated by Sanjay Jain and/or Neerja Jain in Nassau or Suffolk County at any time between October 14, 2012 and March 29, 2016 who worked more than 40 hours in any given workweek, with the exception of store managers.

*Khalid,* DE [23]. The amended complaint in *Khalid* also sought relief for a putative class, and Plaintiffs subsequently moved pursuant to Rule 23 of the Federal Civil Rule Procedure to certify a class action for their NYLL claims. That motion was granted in part to the extent that the spread of hours and wage notice claims were certified for the following class:

> All hourly employees who, on any day, worked a shift or split-shift in excess of ten (10) hours at any time from October 14, 2009 through the present, for any Dunkin' Donuts or combination Dunkin' Donuts/Baskin Robbins/Nathan's location owned and/or operated by Sanjay Jain and/or Neerja Jain in New York.

*Khalid,* DE [100], [108]. The *Khalid* case remains open.

**C. Current Motion**

Defendants seek dismissal of this action pursuant to the "first filed" rule allowing dismissal of a duplicative action, arguing that this case be dismissed in favor of *Khalid.* They further contend that proceeding in this case would require them to relitigate class issues pertaining to the NYLL claims.

In opposition, Plaintiffs argue that the first filed rule does not apply to this situation because, *inter alia,* there are newly named defendants and therefore the parties are not the same as in *Khalid.* They further observe that since this Court oversees both cases, it possesses ample case management tools to promote judicial efficiency and avoid duplication of efforts. They also make various representations including that: (1) this case is limited to management employees, Plaintiffs' Memorandum of Law in Opposition ("Pls Opp.") at 4, DE [44]; (2) Plaintiffs "are prepared to represent that they will not seek to send notice to any individual who received notice

4

of the Khalid Action," *id.*; (3) the "Plaintiffs in this Action are not seeking a Rule 23 class." *Id.* at 1.

## II. DISCUSSION[2]

The Court accepts Plaintiffs' representations that this action is intended to redress wage and hours violations allegedly suffered by store managers at the relevant Dunkin' Donuts locations. *See, e.g.,* Pls Opp. at 4 ("the FLSA collective in the Khalid Action was effectively composed of non-management employees, while the FLSA collective in the Torres Action would be composed of management employees"); *id.* ("in pursuing conditional certification of an FLSA collective, the factual and legal arguments of the Named Plaintiffs will pertain specifically to their experiences, *i.e.,* experiences of employees who worked as store managers"); *id.* ("the FLSA collective in these two Actions will also vary significantly, as employees who worked as store managers for Defendants were specifically barred from receiving notice of FLSA conditional certification" in *Khalid*). As such, the amended complaint is clearly not duplicative of the *Khalid* case in which the store managers were expressly excluded. In addition, Defendants' concerns about relitigation of issues are unfounded in light of the Plaintiffs' assertion that they will not be seeking class certification of the NYLL claims. This assertion is borne out by the amended complaint itself which does not include allegations consistent with class action relief.

Accordingly, the motion to dismiss the amended complaint is denied as to the FLSA collective claims pertaining to store managers and granted insofar as the amended complaint attempts to raise issues on behalf of non-management employees.[3]

---

[2] The Court employs the well-established standards for motions to dismiss as necessary. *See, e.g., Smith v. Mercy Med. Ctr.,* No. 16CV1814, 2017 WL 3017194, at *3 (E.D.N.Y. June 6, 2017).

[3] This decision shall not be construed in any way to address whether or not an FLSA collective should be conditionally certified.

5

### III.  CONCLUSION

Defendants' motion to dismiss, DE [41], is granted in part and denied in part to the extent discussed above.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
September 30, 2019